**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SHERISE SHADE VILLAMOR, | ) | 1:12-cv-00644-AWI-MJS |
| | ) | |
| Plaintiffs, | ) | ORDER RE: MOTION TO |
| | ) | DISMISS COMPLAINT |
| v. | ) | |
| | ) | (Doc. 26) |
| MADERA COUNTY SHERIFF | ) | |
| DEPARTMENT; ROY BROOMFIELD; | ) | |
| DIRK KINKLE; BILL WARD; FRANK | ) | |
| BERNARD; KRISTINA HAWK; J. | ) | |
| BERNARDI; BETTY BARKER; | ) | |
| and JOHN P. ANDERSON, | ) | |
| | ) | |
| Defendants. | ) | |

**I. INTRODUCTION**

Defendants Madera County Sheriff Department et al. have filed a motion to dismiss the complaint or for a more definite statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e). For reasons discussed below, the motion to dismiss shall be granted with leave to amend.

**II. FACTS AND PROCEDURAL BACKGROUND**

On May 14, 2012, plaintiff Sherise Shade Villamor ("Plaintiff") filed a complaint against defendants

Madera County Sheriff Department, Roy Broomfield, Dirk Kinkle, Bill Ward, Frank Bernard, Kristina Hawk, J. Bernardi, Betty Barker and John P. Anderson ("Defendants"). On June 19, 2012, Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV. DISCUSSION

The Court, having reviewed the pleadings of record and all competent and admissible evidence submitted, finds Plaintiff has failed to allege facts sufficient to state a plausible claim to relief against Defendants. The allegations simply do not support liability under any theory, even engaging in inferences most favorable to Plaintiff. Accordingly, Defendants' motion must be granted.

## V. DISPOSITION

Based on the foregoing, Defendants' motion to dismiss the complaint as against them is GRANTED with leave to amend. Plaintiff shall have leave to amend within 30 days of entry of this order.

IT IS SO ORDERED.

Dated: July 19, 2012

CHIEF UNITED STATES DISTRICT JUDGE