**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERISE SHADE VILLAMOR, | 1:12-cv-00644-AWI-MJS |
| Plaintiff, | ORDER RE: MOTION TO DISMISS AMENDED COMPLAINT |
| v. | |
| MADERA COUNTY SHERIFF DEPARTMENT; ROY BROOMFIELD; DIRK KINKLE; BILL WARD; FRANK BERNARD; KRISTINA HAWK; J. BERNARDI; BETTY BARKER; and JOHN P. ANDERSON, | (Doc. 33) |
| Defendants. | |

**I. INTRODUCTION**

Defendants Madera County Sheriff Department et al. have filed a motion to dismiss the first amended complaint or for a more definite statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e). For reasons discussed below, the motion to dismiss shall be granted.

**II. FACTS AND PROCEDURAL BACKGROUND**

On August 16, 2012, plaintiff Sherise Shade Villamor ("Plaintiff") filed her first amended complaint

against defendants Madera County Sheriff Department, Roy Broomfield, Dirk Kinkle, Bill Ward, Frank Bernard, Kristina Hawk, J. Bernardi, Betty Barker and John P. Anderson ("Defendants") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., alleging Defendants violated the Freedom of Information Act, 5 U.S.C. § 552, California Government Code § 27491 and California Penal Code § 832.5 in connection with their investigation of the death of Plaintiff's brother, William Michael Shade.  On August 30, 2012, Defendants filed a motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  Plaintiff did not oppose Defendants' motion.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005).  However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence*

*Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). A party may also "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

## IV. DISCUSSION

The Court, having reviewed the pleadings of record and all competent and admissible evidence submitted, finds Plaintiff has failed to allege facts sufficient to state a plausible claim to relief against Defendants. Plaintiff first alleges Defendants violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to fulfill her mother's and attorney's requests for (1) recordings of 911 calls made around the time of her brother's death and (2) photographs taken during her brother's autopsy. Problematically for Plaintiff, FOIA does not provide Plaintiff with a private right of action against Defendants for non-disclosure of the requested information because the statute applies "only to agencies of the federal government, rather than to state or municipal agencies and their officials or employees [such as Defendants]." *Pennyfeather v. Tessler,* 431 F.3d 54, 55 (2d Cir. 2005).

Plaintiff further alleges Defendants violated California Government Code § 27491 by failing to properly supervise the Madera County coroner's office when the office conducted its investigation of William Shade's death. Section 27491 provides in pertinent part, "It shall be the duty of the coroner to inquire into and determine the circumstances, manner, and cause of all violent, sudden, or unusual deaths; unattended deaths[.]" Cal. Gov. Code, § 27491. This duty, however, is "not owed by a coroner to the family of deceased persons, but [is] part of the normal governmental functions of the public office." *Miller v. Rupf,* 2004 WL 2092015 (Cal.App. 1 Dist. 2004), at *7 (unpublished).[1] Accordingly, Defendants cannot be held liable by Plaintiff even if the coroner had breached such a duty. The duty is also discretionary and "cannot therefore constitute a basis for

---

[1] The Court may cite unpublished California appellate decisions as persuasive authority. *See Employers Ins. of Wausau v. Granite State Ins. Co.,* 330 F.3d 1214, 1220 n. 8 (9th Cir. 2003).

3

liability for breach of a mandatory duty under [California] Government Code section 815.6."[2] *Id*. (citing *Gray v. Southern Pacific Co.,* 21 Cal.App.2d 240, 244-46, 68 P.2d 1011 (1937) and *Williams v. State of California,* 34 Cal.3d 18, 24, 192 Cal.Rptr. 233, 664 P.2d 137 (1983)).

      Plaintiff further alleges, "On October 8th, 2011 plaintiff and family sent in a complaint . . . concerning the lack of training in Madera County Sheriff Department." Plaintiff alleges Defendants violated California Penal Code § 832.5 by failing to respond to this complaint. Section 832.5 provides in pertinent part, "Each department or agency in this state that employs peace officers shall establish a procedure to investigate complaints by members of the public against the personnel of these departments or agencies, and shall make a written description of the procedure available to the public." Cal. Pen. Code, § 832.5, subd. (a)(1). The statute does not, however, provide a remedy or penalty for violation of the foregoing provisions. In the Court's view, this suggests section 832.5 does not provide Plaintiff with a private right of action against Defendants for violation of its provisions. *See Rosales v. City of Los Angeles,* 82 Cal.App.4th 419, 427-28, 98 Cal.Rptr.2d 144 (2000). The allegations do not support liability under any other theories, even engaging in inferences most favorable to Plaintiff. Accordingly, Defendants' motion to dismiss shall be granted.

---

[2] Section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Cal. Gov. Code, § 815.6.

**V. DISPOSITION**

Defendants' motion to dismiss the first amended complaint as against them is GRANTED with leave to amend. Plaintiff shall have one final opportunity to amend within 30 days of entry of this order. IT IS SO ORDERED.

Dated:   September 27, 2012

CHIEF UNITED STATES DISTRICT JUDGE

5