# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERISE SHADE VILLAMOR,<br><br>    Plaintiff,<br><br>v.<br><br>MADERA COUNTY SHERIFF DEPARTMENT; ROY BROOMFIELD; DIRK KINKLE; BILL WARD; FRANK BERNARD; KRISTINA HAWK; J. BERNARDI; BETTY BARKER; and JOHN P. ANDERSON,<br><br>    Defendants. | 1:12-cv-00644-AWI-MJS<br><br>ORDER RE: MOTION TO DISMISS AMENDED COMPLAINT<br><br>(Doc. 41) |

## I. INTRODUCTION

Defendants Madera County Sheriff Department et al. move to dismiss the second amended complaint of plaintiff Sherise Shade Villamor pursuant to Federal Rule of Civil Procedure 12(b)(6). For reasons discussed below, the motion to dismiss shall be granted without leave to amend.

## II. FACTS AND PROCEDURAL BACKGROUND

The Court refers the parties to previous orders for a complete chronology of the proceedings. On

October 25, 2012, plaintiff Sherise Shade Villamor ("Plaintiff") filed her second amended complaint (SAC) against defendants Madera County Sheriff Department, Roy Broomfield, Dirk Kinkle, Bill Ward, Frank Bernard, Kristina Hawk, J. Bernardi, Betty Barker and John P. Anderson ("Defendants"). On November 14, 2012, Defendants filed a motion to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not oppose Defendants' motion.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV. DISCUSSION

The Court, having reviewed the pleadings of record and all competent and admissible evidence submitted, finds Plaintiff has failed to allege facts sufficient to state a plausible claim to relief against Defendants. The allegations simply do not support liability under any theory, even engaging in inferences most favorable to Plaintiff.[1] Therefore, Defendants' motion must be granted. Ordinarily, the Court would be inclined to provide Plaintiff with an opportunity to amend. However, in light of Plaintiff's demonstrated inability to state a claim even after multiple opportunities to amend, and given her failure to file substantive oppositions to any of Defendants' motions to dismiss, the Court believes amendment would be futile. Accordingly, leave to amend shall be denied.

## V. DISPOSITION

Based on the foregoing, Defendants' motion to dismiss the complaint as against them is GRANTED without leave amend. This action is hereby DISMISSED with prejudice as against Defendants. As no named defendants remain, the Court respectfully directs the Clerk of Court to close the case.

IT IS SO ORDERED.

Dated:   January 11, 2013

UNITED STATES DISTRICT JUDGE

---

[1] In one paragraph of the SAC, Plaintiff alleges conclusorily that John P. Anderson violated California Government Code § 27491 while Madera County Sheriff Department violated the Freedom of Information Act, 5 U.S.C. § 552, and California Penal Code § 832.5. Notwithstanding Plaintiff's failure to allege facts establishing how the foregoing statutes might have been violated, the Court has already explained in a previous order why these statutes do not provide Plaintiff with a private right of action against Defendants. *See Villamor v. Madera County Sheriff Dept.,* slip copy, 2012 WL 4468758 (E.D.Cal. 2012), at *2.